

FILED

NOT FOR PUBLICATION

NOV 23 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 08-30468 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 3:08-CR-00007-JKS |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| IMAD SALIM HEREIMI, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted November 3, 2009
Seattle, Washington

Before:     FERNANDEZ, KLEINFELD, and CLIFTON, Circuit Judges.

Imad Salim Hereimi appeals his conviction for aiding and abetting

deprivation of honest services mail fraud. See 18 U.S.C. §§ 1341, 1346. We

affirm.

(1) Hereimi first claims that the district court erred when it excluded certain

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

prior bad evidence regarding Nezar Maad, the person whom Hereimi was charged with aiding and abetting. We disagree. The district court rather thought that the bad acts were too remote in time and too dissimilar to be properly admissible pursuant to Federal Rule of Evidence 404(b). See United States v. Banks, 514 F.3d 959, 976 (9th Cir. 2008); United States v. Lynch, 437 F.3d 902, 915 (9th Cir. 2006) (en banc). In any event, the district court determined that the probative value of the evidence in question was substantially outweighed by its tendency towards unfair prejudice and confusion of the issues. That, it ruled, warranted exclusion of the evidence pursuant to Federal Rule of Evidence 403. On this record we cannot say that the district court abused its discretion in so ruling. United States v. 87.98 Acres of Land More or Less in the County of Merced, 530 F.3d 899, 907 (9th Cir. 2008); Duran v. City of Maywood, 221 F.3d 1127, 1133 (9th Cir. 2000).

(2) Hereimi also claims that the district court erred when it gave a deliberate indifference instruction to the jury, but his disagreement is with the propriety of deliberate indifference instructions in general. His claim is foreclosed. See United States v. Heredia, 483 F.3d 913, 924 (9th Cir. 2007) (en banc). So, too, is his suggestion that, even when supported by the evidence, the instruction must be avoided in some cases — this being one of them. See id. at 922–24; United States

2

v. Henderson, 721 F.2d 276, 278–79 (9th Cir. 1983).  The district court did not err.

AFFIRMED.